IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Newport News Division*

FILED IN OPEN COURT
MAY 12 2025
CLERK, U.S. DISTRICT COURT
NEWPORT NEWS, VA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 4:25-cr- |
| v. | 18 U.S.C. § 371<br>Conspiracy to Commit Offenses Against<br>The United States<br>(Count 1) |
| LALITA JANE OWENS,<br>a/k/a Lalita Veney,<br>(Counts 1–5) | |
| | 18 U.S.C. §§ 922(a)(1)(A) and 2<br>Dealing in Firearms Without a License<br>(Count 2) |
| DEVONTE JERMAINE KELLEY,<br>(Counts 1–5) | |
| | 18 U.S.C. §§ 922(a)(6) and 2<br>False Statement During Purchase of a<br>Firearm<br>(Counts 3–5) |
| Defendants. | |
| | 18 U.S.C. § 924(d), 28 U.S.C. § 2461<br>Criminal Forfeiture |

## INDICTMENT

May 2025 Term – at Newport News, Virginia

THE GRAND JURY CHARGES THAT:

### GENERAL ALLEGATIONS

At all times relevant to the Indictment, unless otherwise stated:

1. LALITA JANE OWENS and DEVONTE JERMAINE KELLEY worked together to purchase firearms from authorized dealers and others to resell the firearms to individuals – who could not lawfully purchase or possess firearms, due either to their age or prohibited status, or did not want to be associated with the purchase or sale of firearms – predominantly for pecuniary gain but also for redistribution to DEVONTE JERMAINE KELLEY's friends, including those associated with the Walk-Down Gang in Newport News, Virginia.

2. It is further alleged that the defendants worked in concert to advertise and solicit firearms for purchase, sale, or trade, including on Armslist, an online marketplace for arranging private firearms sales and transfers.

3. Neither OWENS nor KELLEY are licensed dealers of firearms within the meaning of Chapter 44, Title 18, United States Code.

## COUNT ONE

(Conspiracy to Commit Offenses Against the United States)

1. The general allegations above are incorporated herein by reference as if set out in full.

2. Beginning in or about April 2020, and continuing until in or about January 2023, the exact dates being unknown to the grand jury, in the Eastern District of Virginia, LALITA JANE OWENS and DEVONTE JERMAINE KELLEY, collectively the defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other to commit offenses against the United States, to wit: deal firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A).

### Ways, Manner, and Means of the Conspiracy

The manner and means by which the foregoing objectives of the conspiracy to commit offenses against the United States were to be accomplished included, but were not limited to the following:

1. The defendants, along with unindicted coconspirators and others known and unknown to the grand jury, communicated with each other via cellular telephones for purposes of advertising illicit firearms for sale, communicating with potential buyers, maintaining records related to the business, directing the actions of purchasers, arranging the transportation of the firearms, and monitoring the completion of falsified records.

2. The defendants and unindicted coconspirators arranged transportation to and from locations in and around Newport News, Virginia, where the sales and transfers of firearms were conducted.

3. The defendants and unindicted coconspirators concealed the true source of the funds for the firearms transactions via transfers of U.S. currency and electronic transfers of money from the true intended owners of the firearms to the nominal purchaser.

## OVERT ACTS

4. During the course of and in furtherance of the conspiracy, and to effect the objects thereof, at least one of the defendants committed or caused to be committed at least one of the following acts, among others, in the Eastern District of Virginia:

   a. Making false statements during the purchase of a firearm as outlined and in connection with firearms purchased from licensed firearms dealers specified herein, including on or about: July 18, 2020; November 28, 2020; and February 23, 2021;

   b. On or about July 18, 2020, one or more coconspirators willfully engaged in the business of dealing in firearms without a license, to wit: transferring or attempting to transfer a firearm to unindicted coconspirator F. in exchange for approximately $700;

   c. On or about November 28, 2020, one or more coconspirators willfully engaged in the business of dealing in firearms without a license, to wit: transferring or attempting to transfer a firearm to unindicted coconspirator D.D. in exchange for approximately $510; and

   d. On or about February 23, 2021, one or more coconspirators willfully engaged in the business of dealing in firearms without a license, to wit: transferring or attempting to transfer a firearm to unindicted coconspirator Q. in exchange for approximately $720.

(All in violation of 18 U.S.C. § 371).

## COUNT TWO

(Dealing in the Firearms without a License)

THE GRAND JURY FURTHER CHARGES THAT:

1. The allegations contained above are incorporated herein by reference as if set out in full.

2. Beginning in or about April 2020 through at least in or about January 2023, in the Eastern District of Virginia and elsewhere, LALITA JANE OWENS and DEVONTE JERMAINE KELLEY, the defendants herein, not being licensed dealers of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

(In violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), 924(a)(1)(D), and 2).

## COUNT THREE

(False Statement During Purchase of a Firearm)

THE GRAND JURY FURTHER CHARGES THAT:

1. The allegations contained above are incorporated herein by reference as if set out in full.

2. On or about July 18, 2020, in the Eastern District of Virginia, the defendants LALITA JANE OWENS and DEVONTE JERMAINE KELLEY, in connection with the acquisition of a firearm, to wit: a Glock 19, 9mm, semiautomatic handgun, S/N: AELF972, from a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious oral and written statement to the licensed dealer, which statement was intended and likely to deceive the dealer as to a fact material to the lawfulness of such sale and acquisition of the said firearm to the defendants under chapter 44 of Title 18, in that OWENS represented that she was the actual transferee and buyer of the firearm and that she did not intend to sell or otherwise dispose of the firearm.

(In violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2), and 2).

## COUNT FOUR

(False Statement During Purchase of a Firearm)

THE GRAND JURY FURTHER CHARGES THAT:

1. The factual allegations contained above are incorporated herein by reference as if set out in full.

2. On or about November 28, 2020, in the Eastern District of Virginia, the defendants LALITA JANE OWENS and DEVONTE JERMAINE KELLEY, in connection with the acquisition of a firearm, to wit: a Glock 23, Gen4, .40 caliber, semiautomatic handgun, S/N: SBR457, from a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious oral and written statement to the licensed dealer, which statement was intended and likely to deceive the dealer as to a fact material to the lawfulness of such sale and acquisition of the said firearm to the defendants under chapter 44 of Title 18, in that OWENS represented that she was the actual transferee and buyer of the firearm and that she did not intend to sell or otherwise dispose of the firearm.

(In violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2), and 2).

## COUNT FIVE

(False Statement During Purchase of a Firearm)

THE GRAND JURY FURTHER CHARGES THAT:

1. The factual allegations contained above are incorporated herein by reference as if set out in full.

2. On or about February 23, 2021, in the Eastern District of Virginia, the defendants LALITA JANE OWENS and DEVONTE JERMAINE KELLEY, in connection with the acquisition of a firearm, to wit: a Glock 19, Gen5, 9mm, semiautomatic handgun, S/N: BNZY927, from a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious oral and written statement to the licensed dealer, which statement was intended and likely to deceive the dealer as to a fact material to the lawfulness of such sale and acquisition of the said firearm to the defendants under chapter 44 of Title 18, in that OWENS represented that she was the actual transferee and buyer of the firearm and that she did not intend to sell or otherwise dispose of the firearm.

(In violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2), and 2).

## FORFEITURE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

1. The defendants, if convicted of any of the violations in Counts One through Five alleged in this indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any firearm or ammunition used in or involved in the violation.

2. If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to 21 U.S.C. § 853(p) and Federal Rule of Criminal Procedure 32.2(e).

(In accordance with 18 U.S.C. § 924(d)(1); and 28 U.S.C. § 2461(c)).

UNITED STATES v. LALITA JANE OWENS, *et al.*
4:25-cr-34

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.

A TRUE BILL:

**REDACTED COPY**

_____
F O R E P E R S O N

ERIK S. SIEBERT
UNITED STATES ATTORNEY

By: _____
Julie D. Podlesni
Peter G. Osyf
Assistant United States Attorneys
Office of the United States Attorney
11815 Fountain Way, Suite 200
Newport News, Virginia  23606
Tel. (757) 591-4000 | Fax (757) 591-0866
Julie.Podlesni@usdoj.gov
Peter.Osyf@usdoj.gov