

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 4:25-cr-34-002 |
| DEVONTE JERMAINE KELLEY, | |
| Defendant. | |

## STATEMENT OF FACTS

The United States and the defendant, DEVONTE JERMAINE KELLEY, (hereinafter, "the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. Beginning in or about December 2020, and continuing until in or about January 2023, in the Eastern District of Virginia, the defendant, DEVONTE JERMAINE KELLEY, along with his named codefendant, Lalita Jones OWENS, combined, confederated, and agreed with each other to commit offenses against the United States, to wit: deal firearms without a license.

2. The defendant and his coconspirator were never licensed to engage in the business of dealing firearms.

3. The dealing of firearms is federally regulated. Any unlicensed dealing of firearms violates an express government function and right of the United States to regulate firearms dealing.

4. During the course of the conspiracy, the defendant was involved in the illicit dealing of 23 firearms with an approximate value of at least $12,117.24.

5. Prior to March 2, 2022 – approximately 15 months into the 2-year conspiracy – the defendant had not yet attained the age of 21 years and could not lawfully purchase handguns. The

defendant's coconspirator, OWENS – also the defendant's biological mother – purchased 16 of the 23 subject firearms before the defendant's 21st birthday.

6. The defendant, his coconspirator, OWENS, and others, used Armslist – an online marketplace for arranging private firearms sales and transfers – to message one another and facilitate their firearms negotiations and transactions.

7. Text messages and Armslist messaging between the defendant, his coconspirator, OWENS, and others, confirmed their dealings and knowledge of the illicit conduct, for example:

    a. 3/23/2021

    OWENS texts KELLEY: *"I'm not going to have my name purchasing guns over 30 days because it make you hot on the radar and especially not in DC"*

    b. 7/11/2021 (Notably, KELLEY is not yet 21-years-old)

    KELLEY texts OWENS: *"Ma …he going sign papers selling for 7 the glock I want is 650 so I have my taxes for it can u do this for me please I haven't ask u to go to the store for me in a lil min"*

    c. 7/12/2021

    OWENS texts KELLEY: *"This the last gun I will ever put in my name until you turn 21 I do not want that boy i. Newyork to Really have it period"*

    KELLEY responds: *"If any thing happen with that gun Chris got I'm say it was stolen period"*

    d. 10/21/2021

    KELLEY texts OWENS: *"I'm tell em how u buy me guns play with me business woman"*

> OWENS responds: *"stop texting me before I show them ur harassing your own mother"*

e. 11/18/2021

> OWENS texts "T" (KELLEY's girlfriend): *"Who he trying to sell that gun to I'm not for All that's stuff and these guns end up at the jail house and Every where in my name"*

8. CashApp transactions between the defendant, OWENS, and others correspond in both price and time with negotiated firearms transactions on Armslist and via text messages between the dealing parties.

9. Text messages between the defendant and OWENS also confirmed that the coconspirators communicated with each other via cellular telephones for purposes of advertising illicit firearms for sale, communicating with potential buyers, maintaining records related to the business, directing the actions of purchasers, arranging the transportation of the firearms, and monitoring the completion of falsified records.

10. Both the defendant and OWENS conspired to and did, in fact, make false statements during the purchase of firearms from licensed firearms dealers, including but not limited to on July 18, 2020; November 28, 2020; and February 23, 2021, specifically, attesting to being the actual transferee and buyer of the firearms on federal forms 4473s. These false and fictitious oral and written statements to licensed dealers of firearms were intended and likely to deceive the licensed dealers as to a fact material to the lawfulness of the firearm sales and acquisitions.

11. Through National Integrated Ballistic Information Network analysis and trace reporting, law enforcement agencies connected several recovered firearms purchased by the defendant and/or OWENS that were seized and/or used in crimes involving known friends of the

defendant. Some of these individuals are affiliated with the Walk Down Gang, formally known as Warwick Lawnz, out of the Denbigh area of Newport News. Other firearms that were purchased as part of the conspiracy were recovered throughout various parts of Virginia and Maryland.

12. On July 6, 2022, the defendant's coconspirator, OWENS, was consensually interviewed by federal agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives. After being advised that she was free to leave at any time and was not required to speak, OWENS expressly acknowledged her rights and elected to speak with the agents. OWENS made the following admissions:

    a. OWENS confirmed her personal data, to include her cellphone number used during the conspiracy to text the defendant and others;

    b. OWENS confirmed her signatures on the federal firearms forms 4473s falsely attesting to be the actual purchaser of the firearms;

    c. OWENS confirmed she was not licensed to deal firearms; and

    d. OWENS admitted that she engaged in firearms dealing for profit due to financial hardship caused by a number of personal issues.

13. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

14. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Erik S. Siebert
United States Attorney

By: _____
Peter G. Osyf
Assistant United States Attorney
VA Bar No. 86597
One City Center
11815 Fountain Way, Suite 200
Newport News, Virginia 23606
(757) 591-4000
peter.osyf@usdoj.gov

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, DEVONTE JERMAINE KELLEY, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
DEVONTE JERMAINE KELLEY

I am DEVONTE JERMAINE KELLEY's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Jamison P. Rasberry, Esq.
Attorney for DEVONTE JERMAINE KELLEY

5